UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,                                    Civil Action No. 15-CV-11756

vs.                                            HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT
## CRAIG'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is presently before the Court on defendant Craig's motion for judgment on the pleadings[1] [docket entry 57]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, a former Detroit police officer, alleges that he was wrongfully suspended (in 2010), prosecuted (in 2011), and discharged (in 2013) after being falsely accused of receiving pay for hours he had not worked. He also alleges that certain of the defendants withheld information that would have enabled him to disprove this accusation. Plaintiff asserts claims against defendants, nine current and former members of the Detroit Police Department, for violation of his due process and equal protection rights, treating him differently than similarly situated female police officers, negligence, tortious interference with his rights under a collective bargaining agreement, fraud, emotional distress, and malicious prosecution.

---

[1] The title of the motion indicates that defendant Craig seeks "judgment on the pleadings in lieu of an answer." The motion's supporting brief, at pages 3 and 4, indicates that Craig seeks judgment on the pleadings or dismissal for failure to state a claim. The same legal standards apply in deciding both types of motions.

Defendant Craig, the Detroit Chief of Police since 2013, makes a number of arguments in his motion, but the Court finds one to be dispositive: Plaintiff "fails[] to establish any connection between Chief James Craig and the allegations in his Second Amended Complaint." Def. Craig's Mot. at 2. The Court has searched the second amended complaint and can find no substantive allegations directed specifically at Craig. He is named as a defendant, *see* Second Am. Compl. ¶¶ 1, 6, and he is included in Count II in the list of defendants who allegedly violated plaintiff's due process and equal protection rights, *see id.* ¶ 55, but no factual allegations are made as to Craig under this Count or elsewhere; his name is not included in the title of this Count, which indicates that the claim is being asserted against "defendants Godbee, Lewis, Dolunt, Moore, Walton, Sevenkesen, and Williams"; and in an earlier paragraph plaintiff identifies "[t]he Section 1983 Defendants" as "Moore, Walton, Serta, Dolunt, Lewis, and Williams."

> Under Fed. R. Civ. P. 12(c),
>
> [j]udgment on the pleadings is proper "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007). Accordingly, the court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Id.* (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)).

*Arsan v. Keller*, No. 18-3858, 2019 WL 3494330, at *5 (6th Cir. Aug. 1, 2019). Similarly, under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper if the complaint does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> Plaintiff's response is that
>
> [s]ince the extent of Chief Craig's knowledge, or basis for possible exposure is not fully known at this stage of proceedings, and since Plaintiff would be entitled to amend his Complaint to conform to his proofs, and to the Court's finding of fact, Chief Craig should not be dismissed unless and until a full record is developed of the facts upon which he claims qualified immunity.

Pl.'s Resp. at 11. In other words, plaintiff has not alleged that Craig was in any way involved because he has no knowledge of any facts connecting Craig to any of his claims, and plaintiff believes he should be permitted to conduct discovery in search of facts establishing such a connection.

Defendant Craig is entitled to relief under both Fed. R. Civ. P. 12(c) and 12(b)(6). The second amended complaint makes no allegations linking Craig to any of plaintiff's claims. Nor, as is apparent from plaintiff's response brief, does plaintiff possess any facts that would allow the inference to be drawn that any such link exists. Accordingly,

IT IS ORDERED that defendant Craig's motion for judgment on the pleadings or to dismiss for failure to state a claim is granted. The second amended complaint is dismissed as to defendant Craig.


Dated: August 15, 2019  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE