UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,                                          Civil Action No. 15-CV-11756

vs.                                                  HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING THE MOTION OF DEFENDANTS GODBEE, LEWIS, WALTON, SVENKENSEN, WILLIAMS, MOORE, AND LEVER TO DISMISS

This matter is presently before the Court on the motion of defendants Godbee, Lewis, Walton, Svenkensen, Williams, Moore, and Lever for judgment on the pleadings or to dismiss[1] [docket entry 60]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, a former Detroit police officer, alleges that he was wrongfully suspended (in 2010), prosecuted (in 2011), and discharged (in 2013) after being falsely accused of receiving pay for hours he had not worked. He also alleges that certain of the defendants withheld information that would have enabled him to disprove this accusation. Plaintiff asserts claims against defendants, nine current and former members of the Detroit Police Department, for violation of his due process and equal protection rights, treating him differently than similarly situated female police officers, negligence, tortious interference with his rights under a collective bargaining agreement, fraud, emotional distress, and malicious prosecution.

---

[1] The title of the motion indicates that defendants seek "judgment on the pleadings in lieu of an answer," but the body of the motion states that defendants also seek dismissal for failure to state a claim. As noted below, the same legal standards apply in deciding both types of motions.

Defendants make a number of arguments in their motion, but the Court finds one to be dispositive: "Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted where [plaintiff] fails to establish any connection between any Defendant and the allegations in his Second Amended Complaint" ("SAC"). Defs.' Mot. at 2. Plaintiff's response does not address this aspect of defendants' motion. While plaintiff addresses defendants' other arguments (e.g., whether the complaint complies with the Bankruptcy Court's order, whether the complaint is timely, and whether the claims relate back under Fed. R. Civ. P. 15(c)), he says nothing in response to defendants' argument that the SAC fails to state a claim.

The Court has searched the SAC and can find no substantive allegations directed specifically to any of the defendants. Defendants are identified in the "Parties" section of the SAC ¶¶ 5-13, but specific allegations as to particular defendants are all but non-existent. The only allegations naming particular defendants are the following. The SAC alleges that defendant Lewis was plaintiff's supervisor at the Ninth Precinct beginning in 2006, *id.* ¶ 21-22; that Lewis posted plaintiff's schedule and provided copies to defendants Godbee, Moore, and Dolunt, *id.* ¶ 25; that Lewis gave a *Garrity*[2] statement in July 2010, *id.* ¶ 36; that defendant Svenkensen took Lewis' statement, *id.* ¶ 37; that "Moore, Walton, Serta,[3] Dolunt, Lewis, and Williams are liable to Plaintiff for violating his Constitutional rights . . . by withholding material exculpatory evidence, e.g., Lewis' Garrity" and by violating his due process rights and his "right to equal treatment without regard to gender," *id.* ¶ 49; that "Godbee, Craig, Lever, Lewis, Dolunt, Moore, Walton, Sevenkesen [sic], and Williams" violated his rights under the Michigan Constitution "by denying him fair and just

---

[2] *See Garrity v. State of N.J.*, 385 U.S. 493 (1967).

[3] Serta is not listed as a defendant and he/she is not mentioned anywhere in the SAC.

2

treatment in the investigation which resulted in his wrongful termination," *id.* ¶ 55; and that "Godbee, Lewis, Dolunt, Moore, Walton, Sevenkesen [sic], and Defendants, [sic] Hall and Lever . . . unjustly instigated DPD's breach of its contract with Plaintiff, based on allegations that they knew or should have known to be false and pursued on [sic] investigatory/hearing procedures they knew to be partisan and inadequate . . . when they caused DPD to terminate Plaintiff," *id.* ¶ 73.

> Under Fed. R. Civ. P. 12(c),
>
> [j]udgment on the pleadings is proper "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007). Accordingly, the court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Id.* (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)).

*Arsan v. Keller*, No. 18-3858, 2019 WL 3494330, at *5 (6th Cir. Aug. 1, 2019). Similarly, under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper if the complaint does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Going through the defendants one by one, plainly no claim is stated as to Lewis, as

the only substantive allegation as to her is that she supervised plaintiff, posted his schedule, shared the schedule with other defendants, and gave a *Garrity* statement. No claim is stated as to Svenkensen, as plaintiff's only substantive allegation as to him is that he took Lewis' statement. No claim is stated as to Godbee or Moore, as plaintiff's only substantive allegation as to them is that they were aware of plaintiff's schedule.

The only mention of the other defendants (Walton, Williams, and Lever) appears in ¶¶ 55 and 73, where plaintiff claims that all of the defendants violated his constitutional and collective bargaining rights. But these allegations, as noted above, provide no specific information as to what each defendant allegedly did. Rather, these are precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S. at 678, that fail to satisfy basic pleading requirements. This failure occurs repeatedly under every count of the SAC: "Defendants . . . depriv[ed] Plaintiff of his liberty and property interests," SAC ¶ 48; "defendants, in their arbitrary and capricious actions, treated plaintiff differently than other persons who were similarly situated," *id.* ¶ 51; "Defendants Godbee, Craig, Lever, Lewis, Dolunt, Moore, Walton, Sevenkesen [sic], and Williams . . . deprived plaintiff of his liberty and property interests," *id.* ¶ 55; "Defendants . . . discriminatorily determined that unlawful discrepancies existed between Plaintiff's daily activity logs and his official schedule," *id.* ¶ 60; "Defendants . . . discriminatorily revoked Plaintiff's law enforcement certification as a police officer," *id.* ¶ 61; "As a . . . result of Defendants' policies, practices, customs, failure to train or improperly-provided training, Plaintiff was deprived of his constitutionally protected rights," *id.* ¶ 64; "Defendants breached their duties . . . by their refusal after being requested repeatedly to provide to Plaintiff or his attorneys copies of all documents . . . that were pertinent to the disciplinary charges against him," *id.* ¶ 67; "Defendants . . . unjustly

instigated DPD's breach of its contract with Plaintiff, based on allegations that they knew or should have known to be false," *id.* ¶ 73; "Defendants . . . wrongly terminated Plaintiff," *id.* ¶ 78; "Defendants[] treated similarly situated female employees . . . differently by according them lesser punishments for similar infractions," *id.* ¶ 79; "Defendants . . . suppress[ed] Sgt. Lewis Garrity's [sic] which contained sworn testimony that was directly exculpatory as to Plaintiff,"[4] *id.* ¶ 83; "Defendants . . . acted in an extreme and outrageous manner when . . . they haphazardly . . . imposed on Plaintiff a series of disciplinary measures that culminated in his wrongful discharge," *id.* ¶ 85; and "Defendants were actively instrumental in causing Plaintiff to be prosecuted . . . by withholding exculpatory evidence," *id.* ¶ 90.

As is apparent, plaintiff alleges almost exclusively that "defendants," collectively, violated his rights without alleging specifically how each defendant did so. In *Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012), the Sixth Circuit affirmed the partial dismissal of the complaint due to plaintiff's similarly general pleading style:

> On appeal, Doyle and Livingston argue that the Marcilises' complaint fails because it is a generalized pleading that refers to all defendants generally and categorically. Though we have not yet addressed this issue in a published opinion, we have found, in an unpublished opinion, that a complaint failed where a plaintiff "did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. This is a requirement in *Bivens* actions such as this one." *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96-5898, 1998 WL 321008, at *4 (6th

---

[4] The allegation that defendants "withheld" or "suppressed" or "concealed" Lewis' *Garrity* statement is, in addition to being vague and insufficiently specific as to each defendant, contradicted by the three letters plaintiff has attached to the SAC as Ex. 5 (PageID.1025-28). Plaintiff submits these letters to show his repeated requests for Lewis' statement, but these letters are not addressed to defendants and only one of the letters (addressed to Sergeant Johnny Thomas, Internal Affairs Section, Detroit Police Department) requested a copy of Lewis' *Garrity* interview.

5

> Cir. June 3, 1998) (unpublished table decision). The Tenth Circuit has found that a complaint containing only collective references to defendants does not adequately state a *Bivens* claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see also Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." (internal quotation marks omitted)). We have made similar statements in the context of non-*Bivens* constitutional tort claims against government actors. *See, e.g., Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Requiring that federal defendants be identified with particularity is also in accord with how the Supreme Court discussed *Bivens* liability in *Iqbal*: "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
> The complaint mentions Doyle and Livingston only in paragraph six, for the purposes of identifying them as employees of the Drug Enforcement Administration. Otherwise, the complaint makes only categorical references to "Defendants." We conclude that the district court did not err in dismissing the claims against Doyle and Livingston for failing to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman*, 529 F.3d at 684.

*Id.* at 596-97. This Court, following *Marcilis*, has also dismissed the complaint where "the complaint consists almost entirely of generalized allegations against 'defendants' collectively, as opposed to specific allegations as to 'what each defendant did to violate the asserted constitutional right.'" *Campbell v. Worthy*, No. 12-CV-11496, 2013 WL 2446287, at *2 (E.D. Mich. June 5,

2013).

The SAC in this case suffers from the same infirmity as the complaints in *Marcilis* and *Campbell*. It alleges that "defendants" violated his rights without alleging how each defendant did so personally. The Court concludes that the SAC fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted. The complaint is dismissed as to defendants Godbee, Lewis, Walton, Svenkensen, Williams, Moore, and Lever.

s/Bernard A. Friedman
Dated: August 27, 2019
    Detroit, Michigan
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE