UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

        Plaintiff,

vs.

RALPH GODBEE, et al.,

        Defendants.

Civil Action No. 15-CV-11756

HON. BERNARD A. FRIEDMAN

_____/

**OPINION AND ORDER GRANTING THE MOTIONS**
**OF DEFENDANTS HALL AND DOLUNT TO DISMISS**

This matter is presently before the Court on the motions of defendants Hall and Dolunt for judgment on the pleadings or to dismiss[1] [docket entries 70 and 71]. Plaintiff has not responded to these motions, and the time for him to do so has expired. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff, a former Detroit police officer, alleges that he was wrongfully suspended (in 2010), prosecuted (in 2011), and discharged (in 2013) after being falsely accused of receiving pay for hours he had not worked. He also alleges that certain of the defendants withheld information that would have enabled him to disprove this accusation. Plaintiff asserts claims against defendants, nine current and former members of the Detroit Police Department, for violation of his due process and equal protection rights, treating him differently than similarly situated female police officers, negligence, tortious interference with his rights under a collective bargaining agreement, fraud,

_____

[1] The titles of these motions indicate that defendants seek "judgment on the pleadings in lieu of an answer," but the body of the motions state that defendants also seek dismissal for failure to state a claim. As noted below, the same legal standards apply in deciding both types of motions.

emotional distress, and malicious prosecution.

Defendants make a number of arguments in their motions, but the Court finds one to be dispositive: "Plaintiff's claims against [Defendants Hall and Dolunt] fail to state a claim upon which relief can be granted where [plaintiff] fails to establish any connection between [these Defendants] and the allegations in his Second Amended Complaint" ("SAC"). Defs.' Mots. at 2.

The Court has searched the SAC and can find no substantive allegations directed specifically to defendants Hall or Dolunt. These two defendants are identified in the "Parties" section of the SAC in ¶¶ 8 and 11, but specific allegations relating to them are non-existent. Under Count I, plaintiff alleges that Dolunt (along with defendants Moore, Walton, Serta, Lewis, and Williams) "are liable to Plaintiff for violating his Constitutional rights," SAC ¶ 49, but he does not state what Dolunt allegedly did. Similarly under Count II, plaintiff alleges that "[d]efendants Godbee, Craig, Lever, Lewis, Dolunt, Moore, Walton, Sevenkesen, and Williams" violated his due process and equal protection rights, *id.* ¶ 55, but again he does not state what Dolunt allegedly did. Under Count V, plaintiff alleges that "[d]efendants Godbee, Lewis, Dolunt, Moore, Walton, Sevenkesen, Williams, Hall and Lever" interfered with his rights under a collective bargaining agreement without alleging what each defendant specifically did. *Id.* ¶ 73-74. In short, plaintiff makes no allegations as to Dolunt or Hall that state a claim upon which relief can be granted.

Under Fed. R. Civ. P. 12(c),

> [j]udgment on the pleadings is proper "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007). Accordingly, the court construes the complaint in the light most favorable to the nonmoving

party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Id*. (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)).

*Arsan v. Keller*, No. 18-3858, 2019 WL 3494330, at \*5 (6th Cir. Aug. 1, 2019). Similarly, under

Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper if the complaint does not

"contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*. "Factual allegations must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555.

As noted, plaintiff alleges only that "defendants," collectively, violated his rights

without alleging specifically how each defendant did so. In *Marcilis v. Twp. of Redford*, 693 F.3d

589 (6th Cir. 2012), the Sixth Circuit affirmed the partial dismissal of the complaint due to

plaintiff's similarly general pleading style:

> On appeal, Doyle and Livingston argue that the Marcilises' complaint fails because it is a generalized pleading that refers to all defendants generally and categorically. Though we have not yet addressed this issue in a published opinion, we have found, in an unpublished opinion, that a complaint failed where a plaintiff "did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. This is a requirement in *Bivens* actions such as this one." *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96-5898, 1998 WL 321008, at \*4 (6th Cir. June 3, 1998) (unpublished table decision). The Tenth Circuit has found that a complaint containing only collective references to defendants does not adequately state a *Bivens* claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the

3

complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see also Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." (internal quotation marks omitted)). We have made similar statements in the context of non-*Bivens* constitutional tort claims against government actors. *See, e.g., Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Requiring that federal defendants be identified with particularity is also in accord with how the Supreme Court discussed *Bivens* liability in *Iqbal*: "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The complaint mentions Doyle and Livingston only in paragraph six, for the purposes of identifying them as employees of the Drug Enforcement Administration. Otherwise, the complaint makes only categorical references to "Defendants." We conclude that the district court did not err in dismissing the claims against Doyle and Livingston for failing to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman*, 529 F.3d at 684.

*Id.* at 596-97. This Court, following *Marcilis*, has also dismissed the complaint where "the complaint consists almost entirely of generalized allegations against 'defendants' collectively, as opposed to specific allegations as to 'what each defendant did to violate the asserted constitutional right.'" *Campbell v. Worthy*, No. 12-CV-11496, 2013 WL 2446287, at *2 (E.D. Mich. June 5, 2013).

The SAC in this case suffers from the same infirmity as the complaints in *Marcilis*

and *Campbell*. It alleges that "defendants" violated his rights without alleging how each defendant did so personally. The Court concludes that the SAC fails to state a claim upon which relief may be granted as to defendants Dolunt or Hall. Accordingly,

IT IS ORDERED that the motions of defendants Dolunt and Hall to dismiss are granted.

s/Bernard A. Friedman
Dated:  September 13, 2019          BERNARD A. FRIEDMAN
    Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE