UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,　　　　　　　　　　　　　　　　Civil Action No. 15-CV-11756

vs.　　　　　　　　　　　　　　　　　　　　　HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.
_____/

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION
# FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

This matter is presently before the Court on plaintiff's motion for leave to file a third amended complaint [docket entry 75]. Defendants have filed a response in opposition. Plaintiff has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

In a series of orders issued in August and September 2019, the Court granted all of the defendants' motions to dismiss because the second amended complaint, while lengthy, contained no allegations connecting any of the defendants to any of plaintiff's claims. On September 13, 2019, the Court entered judgment in defendants' favor.

In the instant motion, filed on November 22, 2019, plaintiff seeks leave to file a third amended complaint that "cures that omission or defect by specific reference to misconduct by each Defendant [who] violated his federally protected rights . . . [and] to add a count of conspiracy under 42 USC § 1985(2) . . ." Pl.'s Mot. at 4-5. Defendants oppose the motion on the grounds that the judgment entered in this matter in September 2019 is res judicata and the Court lacks jurisdiction to entertain the motion.

Plaintiff correctly notes that the federal courts are generally quite liberal in permitting amendments to pleadings, as demonstrated by countless court decisions, including *Foman v. Davis*, 371 U.S. 178 (1962). However, plaintiff fails to acknowledge that a different standard applies when, as here, the motion seeking leave to amend is filed after judgment has been entered. As the Sixth Circuit has explained,

> Leave to amend should be "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). A district court, however, may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant," if allowing an amendment would place "undue prejudice [on] the opposing party," or if the amendment would be futile. Morse, 290 F.3d at 800 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
>
> Although Rule 15(a) "plainly embodies a liberal amendment policy," *Morse*, 290 F.3d at 800, there is a "heavier burden" when requests to amend are made after an adverse judgment, *Leisure Caviar*, 616 F.3d at 616. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60." *Morse*, 290 F.3d at 799. "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar*, 616 F.3d at 616.
>
> \*   \*   \*
>
> In addition to the *Foman* factors of undue delay, bad faith, dilatory motive, undue prejudice, and the futility of the proposed amendment, post-judgment requests to amend require that the district court "also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse*, 290 F.3d at 800 (internal quotation marks omitted). This latter inquiry includes asking whether the claimant has made a "compelling explanation" for failing to seek leave to amend prior to the entry of judgment. *Leisure Caviar*, 616 F.3d at 617; *Morse*, 290 F.3d at 800. It is intended to keep plaintiffs from using the district court "as a sounding board to discover holes in their arguments," and from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60. *Leisure Caviar*, 616 F.3d at 616.

*Pond v. Haas*, 674 F. App'x 466, 472-73 (6th Cir. 2016).

In the present case, plaintiff has not met the procedural prerequisite – i.e., moving to set aside the judgment – for seeking leave to amend. Nor has he offered any explanation, to say nothing of a compelling one, for "failing to seek leave to amend prior to the entry of judgment," *id.* at 473, or why the Court should overlook his repeated failure to cure the pleading defects which resulted in the dismissal of the second amended complaint and the entry of judgment against him. Accordingly,

IT IS ORDERED that plaintiff's motion for leave to file a third amended complaint is denied.


Dated: December 3, 2019　　　　s/Bernard A. Friedman
　　　　　Detroit, Michigan　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE