UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,                                    Civil Action No. 15-CV-11756

vs.                                          HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT**

This matter is presently before the Court on plaintiff's "motion *nunc pro tunc* to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) and for leave to file a third amended complaint pursuant to Rule 15(a)" [docket entry 79]. Defendants have filed a response in opposition. Plaintiff has not filed a reply, and the time for him to do so has expired. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

In June 2019, after a long series of delays, plaintiff in this matter filed a second amended complaint ("SAC"). In July, defendants Craig, Godbee, Lewis, Walton, Svenkensen, Williams, Moore, and Lever filed motions for judgment on the pleadings. In August, the remaining defendants, Hall and Dolount, filed essentially identical motions. The Court granted these motions in a series of opinions filed in August and September on the grounds that the SAC, while lengthy, failed to allege how, if at all, any of the defendants were involved in violating any of plaintiff's rights. On September 13, the Court entered judgment in defendants' favor, as orders had been entered granting all of the defendants' motions for judgment on the pleadings.

After judgment was entered, plaintiff took no action until November 22, when he

filed a motion for leave to file a third amended complaint. In its December 3 opinion and order denying that motion, the Court stated:

> In the instant motion, filed on November 22, 2019, plaintiff seeks leave to file a third amended complaint that "cures that omission or defect by specific reference to misconduct by each Defendant [who] violated his federally protected rights . . . [and] to add a count of conspiracy under 42 USC § 1985(2) . . ." Pl.'s Mot. at 4-5. Defendants oppose the motion on the grounds that the judgment entered in this matter in September 2019 is res judicata and the Court lacks jurisdiction to entertain the motion.
>
> Plaintiff correctly notes that the federal courts are generally quite liberal in permitting amendments to pleadings, as demonstrated by countless court decisions, including *Foman v. Davis*, 371 U.S. 178 (1962). However, plaintiff fails to acknowledge that a different standard applies when, as here, the motion seeking leave to amend is filed after judgment has been entered. As the Sixth Circuit has explained,
>
>> Leave to amend should be "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). A district court, however, may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant," if allowing an amendment would place "undue prejudice [on] the opposing party," or if the amendment would be futile. *Morse*, 290 F.3d at 800 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
>>
>> Although Rule 15(a) "plainly embodies a liberal amendment policy," *Morse*, 290 F.3d at 800, there is a "heavier burden" when requests to amend are made after an adverse judgment, *Leisure Caviar*, 616 F.3d at 616. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60." *Morse*, 290 F.3d at 799. "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by

2

> Rules 59 or 60." *Leisure Caviar*, 616 F.3d at 616.
>
> \* \* \*
>
> > In addition to the *Foman* factors of undue delay, bad faith, dilatory motive, undue prejudice, and the futility of the proposed amendment, post-judgment requests to amend require that the district court "also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse*, 290 F.3d at 800 (internal quotation marks omitted). This latter inquiry includes asking whether the claimant has made a "compelling explanation" for failing to seek leave to amend prior to the entry of judgment. *Leisure Caviar*, 616 F.3d at 617; *Morse*, 290 F.3d at 800. It is intended to keep plaintiffs from using the district court "as a sounding board to discover holes in their arguments," and from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60. *Leisure Caviar*, 616 F.3d at 616.
>
> *Pond v. Haas*, 674 F. App'x 466, 472-73 (6th Cir. 2016).
>
> In the present case, plaintiff has not met the procedural prerequisite – i.e., moving to set aside the judgment – for seeking leave to amend. Nor has he offered any explanation, to say nothing of a compelling one, for "failing to seek leave to amend prior to the entry of judgment," *id*. at 473, or why the Court should overlook his repeated failure to cure the pleading defects which resulted in the dismissal of the second amended complaint and the entry of judgment against him.

Op. & Order Den. Pl.'s Mot. for Leave to File a Third Am. Compl. [docket entry 78] at 1-3.

In the instant motion, filed two weeks after the Court denied his motion for leave to file a third amended complaint, plaintiff asks that the Court alter or amend the judgment and permit him to file a third amended complaint.

Under *Leisure Caviar* and *Pond*, a plaintiff who seeks leave to amend in order to cure a pleading defect that led to dismissal and entry of judgment against him must show that he is

3

entitled to relief under Rule 59 or 60 *and* that he has a compelling explanation for having failed to seek leave to amend before judgment was entered. In the present case, plaintiff has made neither showing. He has identified no error in the Court's reasoning that defendants were entitled to judgment on the pleadings because the SAC contained no allegations linking them to any of plaintiff's claims. Under these circumstances, there is no basis for altering or amending the judgment under Rule 59(e), which requires the movant to show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Nor is there any basis for vacating the judgment under Rule 60(b)(6) – the only conceivably applicable subsection of Rule 60(b) – which applies only in "extraordinary or exceptional circumstances" and "cannot be used to avoid the consequences of a party's decision . . . to forego an appeal from an adverse ruling." *Pierce v. United Mine Workers*, 770 F.2d 449, 451-52 (6th Cir. 1985) (internal quotation marks and citation omitted). Plaintiff's failure to demonstrate his entitlement to relief under Rule 59(e) or 60(b) independently justifies the Court in denying the instant motion.

Additionally, plaintiff has not explained why he failed to seek leave to amend the SAC before the Court entered judgment, a separate showing the above-cited cases require him to make. The SAC's glaring pleading defect, which applied equally to all of the defendants, was clearly identified in defendants' motions for judgment on the pleadings filed, as noted, weeks before the Court granted those motions and entered judgment in their favor on September 13. Moreover, two of the Court's opinions (filed on August 15 and August 27), granting two of these motions, were filed well prior to the judgment. Plaintiff had ample opportunity to seek leave to amend before judgment was entered but neglected to do so, and he has offered no satisfactory explanation for this

4

failure. Accordingly,

IT IS ORDERED that plaintiff's "motion *nunc pro tunc* to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) and for leave to file a third amended complaint pursuant to Rule 15(a)" is denied.

s/Bernard A. Friedman
Dated: January 9, 2020     BERNARD A. FRIEDMAN
       Detroit, Michigan     SENIOR UNITED STATES DISTRICT JUDGE