UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COLLINS,

    Plaintiff,                                      Civil Action No. 15-CV-11756

vs.                                              HON. BERNARD A. FRIEDMAN

RALPH GODBEE, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**

This matter is presently before the Court on plaintiff's motion to set aside judgment [docket entry 84]. Defendants have filed a response in opposition. Plaintiff has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

In the instant motion, filed on June 30, 2020, plaintiff asks that the Court set aside the judgment entered for defendants in this matter on September 13, 2019. The judgment was entered after the Court granted (1) defendant Craig's motion for judgment on the pleadings on August 15, 2019, (2) the motion of defendants Godbee, Lewis, Walton, Svenkensen, Williams, Moore, and Lever for judgment on the pleadings or to dismiss on August 27, 2019, and (3) the motions of defendants Hall and Dolunt for judgment on the pleadings or to dismiss on September 13, 2019. Plaintiff did not appeal.

On November 22, 2019, plaintiff filed a motion for leave to file a third amended complaint in an effort to cure the pleading defects that led to the dismissal of the second amended complaint and the entry of judgment. On December 3, 2019, citing *Pond v. Haas*, 674

F. App'x 466, 472-73 (6th Cir. 2016), the Court denied that motion because

> plaintiff has not met the procedural prerequisite – i.e., moving to set aside the judgment – for seeking leave to amend. Nor has he offered any explanation, to say nothing of a compelling one, for "failing to seek leave to amend prior to the entry of judgment," *id*. at 473, or why the Court should overlook his repeated failure to cure the pleading defects which resulted in the dismissal of the second amended complaint and the entry of judgment against him.

Op. & Ord. Den'g Pl.'s Mot. for Leave to File a Third Am. Compl. [docket entry 78] at 3.

On December 17, 2019, plaintiff filed a motion to alter or amend the judgment and for leave to file a third amended complaint. The Court denied that motion for the following reasons:

> Under *Leisure Caviar* and *Pond*, a plaintiff who seeks leave to amend in order to cure a pleading defect that led to dismissal and entry of judgment against him must show that he is entitled to relief under Rule 59 or 60 and that he has a compelling explanation for having failed to seek leave to amend before judgment was entered. In the present case, plaintiff has made neither showing. He has identified no error in the Court's reasoning that defendants were entitled to judgment on the pleadings because the [second amended complaint] contained no allegations linking them to any of plaintiff's claims. Under these circumstances, there is no basis for altering or amending the judgment under Rule 59(e), which requires the movant to show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Nor is there any basis for vacating the judgment under Rule 60(b)(6) – the only conceivably applicable subsection of Rule 60(b) – which applies only in "extraordinary or exceptional circumstances" and "cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling." *Pierce v. United Mine Workers*, 770 F.2d 449, 451-52 (6th Cir. 1985) (internal quotation marks and citation omitted). Plaintiff's failure to demonstrate his entitlement to relief under Rule 59(e) or 60(b) independently justifies the Court in denying the instant motion.

> Additionally, plaintiff has not explained why he failed to seek leave to amend the SAC before the Court entered judgment, a separate showing the above-cited cases require him to make. The SAC's glaring pleading defect, which applied equally to all of the defendants, was clearly identified in defendants' motions for judgment on the pleadings filed, as noted, weeks before the Court granted those motions and entered judgment in their favor on September 13. Moreover, two of the Court's opinions (filed on August 15 and August 27), granting two of these motions, were filed well prior to the judgment. Plaintiff had ample opportunity to seek leave to amend before judgment was entered but neglected to do so, and he has offered no satisfactory explanation for this failure.

*Collins v. Godbee*, No. 15-CV-11756, 2020 WL 103708, at *2-3 (E.D. Mich. Jan. 9, 2020).

On January 20, 2020, plaintiff's attorney filed a "motion to withdraw as counsel of record for plaintiff, and for stay of proceedings to permit plaintiff to retain new counsel."  In that motion, plaintiff's then counsel, Benjamin Whitfield Jr., indicated that he "has developed serious health challenges . . . [t]hat . . . materially impair his ability to continue representation."  Mr. Whitfield asked that the Court permit him to withdraw and that plaintiff be given ninety days to obtain substitute counsel.  On January 23 the Court granted the motion to withdraw but denied the requested "stay of proceedings" because

> [t]he Court entered judgment for defendants in this matter on September 13, 2019.  Plaintiff did not appeal, and the time for him to do so expired on October 15.  Nor, during the thirty-day appeal period, did plaintiff file any of the motions listed in Fed. R. App. P. 4(a)(4)(A)(i)-(vi), which would have tolled the appeal period. Under these circumstances, the judgment has become final and unappealable.  There are no proceedings for the Court to stay.

Ord. Grant'g Pl.'s Counsel's Mot. to Withdraw and Deny'g Pl.'s Mot. for Stay of Proceedings [docket entry 83] at 1-2.

Plaintiff took no further action in this matter until filing the instant motion on

3

June 20. Through new counsel, plaintiff argues that the September 13, 2019, judgment should be set aside pursuant to Fed. R. Civ. P. 60(b)(1) and/or (b)(6)[1] on the grounds

> 6. That Plaintiff's counsel's failures to appropriately respond to the Court's instructions to properly amend the Complaints, to remedy the noted defects, and to timely appeal the Judgments were due to Counsel's suffering from grave and serious illnesses, outlined by Plaintiff's counsel in the aforementioned Motion to Withdraw.
>
> 7. That there exists manifest injustice that will continue to result if Plaintiff is not allowed to pursue his claims and that excusable neglect is present where Plaintiff's counsel was so debilitated as to be unable to properly represent Plaintiff.

Pl.'s Mot. to Set Aside J. at 2. Plaintiff argues that Fed. R. Civ. P. 60(b)(1) applies because "he has demonstrated excusable neglect via the serious, grave illnesses suffered by Plaintiff's counsel as highlighted in Plaintiff's counsel's Motion to Withdraw as Counsel." Pl.'s Br. at 4. He also points to Fed. R. Civ. P. 60(b)(6), which covers "any other reason that justifies relief."

In opposing this motion, defendants correctly argue that Fed. R. Civ. P. 60(b) cannot be used to cure errors by plaintiff's former counsel. Without saying so explicitly,

---

[1] Rule 60 states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \* \* \*
>
> or
>
> (6) any other reason that justifies relief.

plaintiff appears to argue that the failings of his prior counsel qualify as inadvertence or excusable neglect under Rule 60(b)(1) because his prior counsel was ill. In *Barron v. Univ. of Mich.*, 613 F. App'x 480, 486-87 (6th Cir. 2015), the court of appeals stated:

> "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (internal quotation marks omitted). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id*. at 628-29 (internal quotation marks omitted). Barron cannot demonstrate a lack of culpability and thus the district court did not abuse its discretion in denying her Rule 60(b) motion. Barron argues that her counsel's conduct was inexcusable but hers was not. But we have held that "a determination of excusable neglect does not turn solely on whether the *client* has done all that he reasonably could do to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Reyes*, 307 F.3d at 456 (internal quotation marks omitted) (emphasis in original). "[T]he case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." *McCurry*, 298 F.3d at 595 (internal quotation marks and brackets omitted).

(Emphasis in original.)

Even if an attorney's illness could in theory provide a basis for affording relief under Rule 60(b)(1), this cannot excuse plaintiff's former counsel's inadvertence or neglect in the present case. Mr. Whitfield did not move to withdraw until January 20, 2020, four months after the Court entered judgment. Before the Court entered judgment, Mr. Whitfield participated actively in the litigation of this case, filing a second amended complaint, responding to defendants' three motions for judgment on the pleadings or to dismiss, and issuing summonses.

After the Court entered judgment, Mr. Whitfield continued to litigate actively, seeking leave to file a third amended complaint and filing a motion to alter or amend the judgment. There is simply no indication (or evidence submitted in support of the instant motion) that Mr. Whitfield was incapacitated during this period of time. Rather, his failure to amend the complaint – prior to the entry of judgment – to allege that defendants were personally involved in violating any of plaintiff's rights is precisely the kind of "lawyer blunder" the Sixth Circuit has held does not constitute excusable neglect under Rule 60(b)(1). The neglect is all the more inexcusable because even after Mr. Whitfield withdrew from this case in January 2020, plaintiff still took no action until filing the instant motion, through new counsel, six months later.

Under these circumstances, plaintiff has failed to show excusable neglect, the prerequisite factor under *Barron*. This makes consideration of the other factors, prejudice and "meritorious defense," unnecessary. Nonetheless, the Court presumes that defendants would be prejudiced by vacating the judgment ten months after it was entered. With the passage of time, memories fade and witnesses become unavailable. Moreover, this ten-month delay is in addition to the years Mr. Whitfield delayed in recommencing this action after the stay was lifted once the City of Detroit emerged from bankruptcy. The Court has discussed these delays in previous opinions. *See* docket entries 18, 24, 33, 36, and 42.

The third factor, the potential merit of plaintiff's claims, is difficult to assess. Plaintiff claims that defendants conspired to bring false criminal charges against him for time fraud. Plaintiff was acquitted of those charges in 2011, but then discharged based on the same allegations in 2013.

Regardless of the merit plaintiff's claims may have, the fact remains that no relief

6

is available to him under Rule 60(b)(1) because the neglect that led to the entry of judgment was not excusable. To the extent plaintiff relies on Rule 60(b)(6), this rule

> is applicable "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)), and plaintiffs provide no legal support for the applicability of that residual provision to a case like this one.

*Harness v. Taft*, 801 F. App'x 374, 378 (6th Cir. 2020). Just as in *Harness*, plaintiff offers no explanation as to why the present case presents "exceptional or extraordinary circumstances" that are not addressed by Rule 60(b)(1). Accordingly,

IT IS ORDERED that plaintiff's motion to set aside judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: July 20, 2020           SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan